**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HELEN FAWKES,**

    **Plaintiff,**

v.                                           Case No.  8:10-cv-2844-T-30TGW

**BALBOA INSURANCE COMPANY,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 8) and Defendant's Motion to Dismiss (Dkt. 4).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that the motions must be denied.

## BACKGROUND

This is an insurance action against Defendant Balboa Insurance Company related to damages to Plaintiff's property allegedly caused by a sinkhole.  The property is located at 19817 Wetherby Lane, Lutz, Hillsborough County, Florida.  Plaintiff alleges that she is the owner of the home, the home suffered damages caused by sinkhole activity, and Defendant unlawfully denied her claim for damages.  Specifically, the complaint states that "[t]he area in which the Plaintiff's home is located has been long known as an area in which sinkholes, caused by the sudden settlement or collapse of earth resulting from subterranean voids created by the action of water on a limestone [or] similar rock formation, are a prevalent and

common occurrence; many areas of subsidence near and around the Plaintiff's home over many years have been determined to have occurred as a result of karsts (sinkholes)" (Dkt. 2).

Plaintiff filed a breach of contract action against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, which was served on Defendant on November 29, 2010. On December 20, 2010, Defendant removed the state court case to this Court. The notice of removal relied on the insurance policy, which has a policy limit of 1.3 million dollars to establish the amount of controversy. In its response to Plaintiff's motion to remand, Defendant also attached information regarding the value of the property.

This issue is now before the Court on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss. Plaintiff moves to remand the case to state court, arguing that Defendant has not proven the amount in controversy exceeds the jurisdictional threshold. It is undisputed that the parties are diverse.

Defendant moves to dismiss Plaintiff's complaint, with prejudice, arguing that Plaintiff is neither the owner of the property nor an insured under the insurance policy, which was obtained by BAC Home Loans Servicing, LP ("BAC") to protect its interest as mortgagee of the property.

**DISCUSSION**

**I.     Plaintiff's Motion to Remand**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. *See* 28 U.S.C. § 1332(a).  When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more likely than not exceeds ... the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted).  However, a removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look to the complaint. *Id.* If the amount is unavailable from the complaint alone, as it is in this case, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed." *Id.*  In *Pretka,* the Eleventh Circuit held that a party seeking to remove a case to federal court pursuant to the first paragraph of § 1446(b), i.e., within the first thirty days after service, is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. *Id.* at 770-71.  This evidence may include the removing defendant's own affidavit, declaration, or other documentation. *Id.* at 755. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable

inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062-63.

Applying the recent guidelines set forth in *Roe* and *Pretka*, the Court concludes that Defendant's notice of removal and documents attached in support of the motion to dismiss, in light of the damages Plaintiff seeks in the complaint, demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. The insurance policy has a limit of 1.3 million dollars. And the property records attached to the motion to dismiss indicate that the property has a current taxable value of approximately $675,000.[1] The Court can reasonably deduce from this evidence that major and ongoing damage to the property would result in damages in excess of the jurisdictional amount.

Accordingly, Plaintiff's motion to remand must be denied.

## II.     Defendant's Motion to Dismiss

Defendant's motion to dismiss is premised on the fact that Plaintiff is not the owner of the property and is not listed as an insured on the insurance policy, which was obtained by BAC. Plaintiff argues that the property records relied upon by Defendant are outdated and that Plaintiff is the owner of the property. Plaintiff also argues that she is a third-party beneficiary of the insurance policy.

---

[1] The property has 6 bedrooms, 5 bathrooms, and gross area of 9,423 square feet. The 2009 taxable value is listed at approximately $955,000.

On a motion to dismiss, the Court must assume the truth of the allegations. Here, the Court must assume that Plaintiff is correct that she is the owner of the property. Indeed, even if the Court were to convert Defendant's motion to dismiss into a motion for summary judgment, there would be a material disputed fact on the issue of Plaintiff's ownership without further discovery.

It is undisputed, however, that Plaintiff is not a listed insured on the insurance policy, which was obtained by BAC. But Plaintiff is correct that she can proceed against Defendant for breach of contract as a third-party beneficiary of the insurance policy. In other words, as the owner of the property, Plaintiff has an insurable interest. And the insurance policy describes an intent to confer a benefit to the borrower, i.e., Plaintiff.

In *W.R. Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, the court noted that an insurable interest is an economic interest in the safety or preservation of the subject at the time of loss. 281 So. 2d 373, 375 (Fla. 3d DCA 1973); Fla. Stat. §627.405. This insurable interest may be enforced by a property owner, even if he possessed no policy in his name. *Id.*; *see also Spindler v. Kuschner*, 284 So. 2d 481 (Fla. 3d DCA 1973); *Ran Investments, Inc. v. Indiana Ins. Co.*, 379 So. 2d 991, 993 (Fla. 4th DCA 1980).

In support of its position that Plaintiff is not a third-party beneficiary, Defendant cites only one Florida case, *Aldridge v. Peak Prop. And Cas. Ins. Corp.*, 873 So. 2d 499 (Fla. 2d DCA 2004). But this case is not applicable because the court was reviewing the issue of the plaintiff's standing on a motion for summary judgment and held that a mortgagor and spouse were not entitled to any recovery under an insurance policy issued to the mortgagee because

the mortgagee's insurable interest exhausted the coverage. *Id.* Here, the Court has no information as to the outstanding balance on the mortgage.

The court in *Aldridge* also noted that "at no point have they [the mortgagor and spouse] asserted a third-party beneficiary claim." *Id.* at 500. Thus, *Aldridge* certainly cannot be cited for the proposition that Plaintiff cannot proceed on a third-party beneficiary claim at this stage.

Accordingly, Defendant's motion to dismiss must be denied.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 8) and Defendant's Motion to Dismiss (Dkt. 4) are hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2844.remand-dismiss4and8.frm