**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HELEN FAWKES,**

    **Plaintiff,**

v.                                                    Case No.  8:10-cv-2844-T-30TGW

**BALBOA INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 40), Plaintiff's Response in opposition (Dkt. 49), and Defendant's Reply (Dkt. 52).  The Court, having reviewed the motion, response, reply, record evidence, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

This is an insurance action against Defendant Balboa Insurance Company related to damages to Plaintiff's property allegedly caused by a sinkhole.  The property is located at 19817 Wetherby Lane, Lutz, Hillsborough County, Florida (hereinafter referred to as the "home" or "subject property").  Plaintiff claims that she is the owner of the home, the home suffered damages caused by sinkhole activity, the subject policy covers sinkhole damages, and Defendant unlawfully denied her claim.

The record reflects that the subject property was secured by a mortgage serviced by BAC Home Loans Servicing, LP ("BAC") at all relevant times. As part of the mortgage agreement, Plaintiff agreed to maintain acceptable and continuous hazard insurance on the subject property until she paid off her loan. However, at some point, Plaintiff stopped making payments on her loan, failed to maintain hazard insurance on the subject property, and failed to pay the required county property taxes.

BAC, in an effort to protect its loan interest, obtained a lender placed mortgage protection policy from Defendant, policy number 4800-0100, with policy limits of $1,384,773.00 at Plaintiff's expense (hereinafter referred to as the "subject policy"). BAC charged the subject policy's premiums to Plaintiff's escrow account. According to the subject policy's Certificate of Coverage Placement, the subject policy provides coverage to BAC to protect its interest in the property owned by Plaintiff. The subject policy does not refer to Plaintiff, the borrower, as an insured. However, the Loss Payment section of the policy provides:

> 13. Loss Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER's insurable interest in the damages or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under the Residential Property Form.

(Dkt. 40, Ex. E at 000266).

On or about September 2, 2010, Plaintiff's counsel reported the sinkhole loss to Defendant, which Defendant investigated and ultimately denied. Plaintiff filed a breach of contract action against Defendant in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Defendant removed the state court case to this Court. The notice of removal relied on the subject policy's limit to establish the amount of controversy. Plaintiff then moved to remand the case to state court, which this Court denied.

Defendant moved to dismiss the action, with prejudice, arguing that Plaintiff was neither the owner of the subject property nor an insured under the subject policy. The Court denied Defendant's motion because Plaintiff alleged that she was the owner of the subject property and Florida law was clear that, as the owner of the subject property, Plaintiff could pursue her breach of contract claim as a third-party beneficiary of the subject policy.

This case is at issue upon Defendant's motion for summary judgment. Defendant argues that Plaintiff is not a third-party beneficiary of the subject policy. Defendant also argues that there are no residual amounts of insurance available to Plaintiff, which should preclude her claim. Finally, Defendant argues that even if Plaintiff can pursue her claim as a third-party beneficiary, her claim for attorney's fees must be dismissed because Fla. Stat. § 627.428 does not permit a third-party beneficiary to recover attorney's fees and costs against an insurer.

The record reflects that BAC is not actively pursuing a claim under the subject policy. According to Plaintiff's affidavit, Defendant has attempted to exclude her from the adjustment process and BAC "has done nothing to pursue a claim for damages to [her]

property, nor has it advised [her] of its intent to do so." (Dkt. 49-1). Plaintiff's affidavit also states that it is her intention to seek a loan modification or refinance the current loan with BAC, but that she cannot do so until the damages to the subject property have been repaired.

The record reflects that Plaintiff's mortgage balance on the subject property is $1,384,773.65 and there is an escrow owed in the amount of $135,003.60 for hazard insurance payments and overdue property tax payments. The record also reflects that Plaintiff took out a line of equity on the subject property in the amount of $500,000 on November 28, 2005, and, as of June 3, 2010, Plaintiff owes $495,225 on this loan.

The Subsurface Exploration and Distress Evaluation report completed by EFI Global Inc. ("EFI") at Defendant's request and, presumably, in response to Plaintiff's claim, concluded that the damages to Plaintiff's home were not caused by a sinkhole. This report identifies Plaintiff as the insured of the subject property. (Dkt. 49-6).

Florida Testing & Environmental, Inc. ("FTE") also conducted a review of the damages to the subject property and concluded that sinkhole activity was present at the subject property. (Dkt. 49-2). According to FTE's report, the total repair cost range is $575,440, plus a 5% contingency and superstructure repair.

Plaintiff's Rule 26 Disclosures identify her damages, in part, as "those amounts necessary to repair or restore her property to its pre-loss condition caused by sinkhole activity." (Dkt. 40-9).

## STANDARD OF REVIEW

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee*

*Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

**I.   Defendant's Argument that Plaintiff Lacks Standing and Is Not Entitled to any Benefits**

In *W.R. Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, the court noted that an insurable interest is an economic interest in the safety or preservation of the subject at the time of loss. 281 So. 2d 373, 375 (Fla. 3d DCA 1973); Fla. Stat. §627.405. This insurable interest may be enforced by a property owner, even if he possessed no policy in his name. *Id.*; *see also Spindler v. Kuschner*, 284 So. 2d 481 (Fla. 3d DCA 1973); *Ran Investments, Inc. v. Indiana Ins. Co.*, 379 So. 2d 991, 993 (Fla. 4th DCA 1980).

Defendant's primary argument in favor of summary judgment on Plaintiff's breach of contract claim is that Plaintiff is not a named insured, additional insured, or a third-party beneficiary of the subject policy. Plaintiff appears to concede that she is not a named insured or an additional insured.

With respect to Defendant's argument that Plaintiff cannot proceed as a third-party beneficiary, the Court notes that its order on Defendant's motion to dismiss clearly stated

that, under Florida law, Plaintiff, as the owner of the property, has an insurable interest. At the time of the motion to dismiss, however, there was a dispute with respect to Plaintiff's ownership of the subject property. Thus, the Court stated that, assuming the truth of Plaintiff's allegations at the motion to dismiss stage, it had to accept that Plaintiff is the owner of the subject property and, as the owner, she could proceed against Defendant in this case as a third-party beneficiary.

Now, on summary judgment, the record is undisputed that Plaintiff is the owner of the subject property. Thus, the Court concludes, as a matter of law, that Plaintiff has standing to pursue her claim against Defendant as a third-party beneficiary. Any argument to the contrary is unsupported under Florida law and therefore lacks merit.

Defendant also contends that Plaintiff is not entitled to any benefits regardless of her status because there are no residual amounts of insurance available to her as the borrower under the subject policy. Under the unique facts of this case, this argument fails. Importantly, it is undisputed that BAC, the lender and insured under the subject policy, has failed to pursue a claim under the subject policy for the damages to the subject property. And the record also reflects that Plaintiff is seeking to have the damages repaired. In other words, Defendant appears to assume that Plaintiff is requesting damages <u>in addition</u> to damages that BAC, the lender, would be entitled to, which is not reflected in the record. Indeed, as Plaintiff states in her response and as noted in her affidavit, she is seeking to have the subject property repaired, i.e., enforcement of the subject policy.

Finally, Defendant's reliance on *Aldridge v. Peak Prop. and Cas. Ins. Corp.*, 873 So. 2d 499 (Fla. 2d DCA 2004) is misplaced because the court in *Aldridge* specifically noted that "at no point have they [the mortgagor and spouse] asserted a third-party beneficiary claim." *Id.* at 500. In the instant case, Plaintiff has made it clear that she is pursuing her claim against Defendant as a third-party beneficiary. Thus, focusing on the amount of the damages to the subject property and whether residual amounts of insurance are available to Plaintiff is irrelevant at this point because Plaintiff, as a third-party beneficiary of the subject policy, is entitled to pursue a claim against Defendant for the repairs to the subject property in light of BAC's recalcitrance.

## II.  Defendant's Argument that Plaintiff is Not Entitled to Attorney's Fees

Defendant's final argument is that even if Plaintiff is a third-party beneficiary under the subject policy, summary judgment should be entered precluding Plaintiff from being entitled to attorney's fees under Fla. Stat. §627.428 because Florida law holds that section 627.428(1) does not include third-party beneficiaries.

Section 627.428(1) provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Under Florida law, section 627.428 "must be strictly construed because an award of attorneys' fees is in derogation of common law." *Pepper's Steel & Alloys, Inc. v. United*

*States,* 850 So. 2d 462, 465 (Fla. 2003). *Accord Underwood Anderson & Assocs., Inc. v. Lillo's Italian Rest., Inc.,* 36 So. 3d 885, 887 (Fla. 1st DCA 2010). Although the statute authorizes an award of attorney's fees, it does so "only in a discrete set of circumstances." *Continental Cas. Co. v. Ryan Inc. E.,* 974 So. 2d 368, 374 (Fla. 2008). "A 'named insured' is one who is 'designated as an insured' under the liability policy." *Id.* (citing *Romero v. Progressive S.E. Ins. Co.,* 629 So. 2d 286, 288 (Fla. 3d DCA 1993)). "An 'omnibus insured' is one who is *covered by a provision in the policy but not specifically named or designated.*" *Ryan,* 974 So. 2d at 374 (citing *Industrial Fire & Cas. Ins. Co. v. Prygrocki,* 422 So. 2d 314, 315 (Fla.1982)) (emphasis added). "A 'named beneficiary' is one who is specifically designated as such in the policy." *Ryan,* 974 So. 2d at 374 (citing *Roberts v. Carter,* 350 So. 2d 78, 79 (Fla.1977)).

In addition to these three groups, express assignees of an insured's contractual insurance rights may also receive an award of attorney's fees under section 627.428. *Ryan,* 974 So. 2d at 377. This is because " 'an assignee of an insurance claim stands to all intents and purposes in the shoes of the insured and logically should be entitled to an attorney's fee when he sues and recovers on the claim.' " *Allstate Ins. Co. v. Regar,* 942 So. 2d 969, 972 (Fla. 2d DCA 2006) (quoting *All Ways Reliable Bldg. Maint., Inc. v. Moore,* 261 So. 2d 131, 132 (Fla.1972)).

Importantly, the purpose of section 627.428 is to "penalize an insurer's intransigence when it forces a claim to be litigated." *Allstate Ins. Co. v. Regar*, 942 So. 2d 969, 972 (Fla. 2d DCA 2006).

Defendant argues summarily that Plaintiff is not entitled to attorney's fees under section 627.428 if she is considered a third-party beneficiary. Defendant's argument with respect to third-party beneficiaries is correct. However, under Florida law, a party can be a third-party beneficiary for purposes of standing and an "omnibus insured" for purposes of entitlement to attorney's fees under section 627.428(1). *See State Farm Fire & Cas. Co. v. Kambara*, 667 So. 2d 831, 833 (Fla. 4th DCA1996). In *Kambara*, the court noted that "[i]n the case of the omnibus insured, the individual's rights are derived directly from his or her status under a clause of the insurance policy without regard to the issue of liability; if the individual fits within the class he or she is entitled to first-party benefits." *Id.*

It is undisputed in the record that Plaintiff, as the borrower, is identified in the subject policy under the "Loss Payment" clause set forth above. It is also undisputed that as the owner, Plaintiff has an insurable interest. And, although this issue appears to be a matter of first impression, the Court did locate a few Florida cases holding that a "loss-payable mortgagee under [an] insurance policy, is deemed 'an insured' pursuant to Section 627.428(1)." *See South Carolina Ins. Co. v. Pensacola Home & Sav. Ass'n*, 393 So. 2d 1124, 1126 (Fla. 1st DCA 1980); *National Cas. Co. v. General Motors Acceptance Corp.*, 161 So. 2d 848, 853 (Fla. 1st DCA 1964).

Thus, at this stage, and on this limited record, the Court cannot conclude, as a matter of law, that Plaintiff could not be considered an "insured" under section 627.428(1) as a loss-payable mortgagor/borrower under a force-placed lender policy, for which the premiums are

Case 8:10-cv-02844-JSM-TGW   Document 56   Filed 02/17/12   Page 11 of 11 PageID 682

ultimately borne by Plaintiff, where the mortgagee/lender declines to pursue a claim under the policy and the mortgagor/borrower is forced to file an action against the insurer.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (Dkt. 40) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 17, 2012.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2844.msj40.frm