**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HELEN FAWKES,**

    **Plaintiff,**

v.                                      Case No.  8:10-cv-2844-T-30TGW

**BALBOA INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration (Dkt. 58) and Plaintiff's Response in opposition (Dkt. 60).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

    On February 17, 2012, the Court denied Defendant's motion for summary judgment (Dkt. 56).  On February 29, 2012, Defendant filed the instant motion for reconsideration (Dkt. 58).  On March 14, 2012, Plaintiff filed her response in opposition (Dkt. 60).

    Defendant's motion attempts to renew arguments previously ruled upon by this Court. Moreover, Defendant's argument that Plaintiff's complaint does not raise a third-party beneficiary claim is disingenuous given the history of this case and the fact that Defendant was placed on notice since the filing of its motion to dismiss that Plaintiff is pursuing a claim against Defendant as a third-party beneficiary.  Indeed, in its order on Defendant's motion

to dismiss, the Court stated that Plaintiff could pursue her claim against Defendant as a third-party beneficiary if she was the owner of the subject property (Dkt. 11).

Plaintiff states in her response that, if the Court deems it necessary, she requests that the Court permit the amendment of her complaint to conform to the evidence. Notably, where issues not raised in the pleadings are tried by the parties, either explicitly or implicitly, these issues should be treated as raised in the pleadings and amendment of the pleadings to conform to the evidence is permissible. *See* Fed.R.Civ.P. 15; *Harris v. Garner,* 216 F.3d 970, 996 (11th Cir. 2000).

Here, Defendant received actual notice of Plaintiff's contention that she could pursue her claim as a third-party beneficiary as early as January 24, 2011, when she stated in her response to Defendant's motion to dismiss that she could enforce the insurance policy as a third-party beneficiary (Dkt. 6). This is not a case where a plaintiff is attempting to add a new party or an entirely new claim and transform her lawsuit into a case involving a different legal theory of recovery. Thus, amendment is proper and Plaintiff's complaint is hereby amended to the extent that it seeks a third-party beneficiary claim against Defendant with respect to the subject insurance policy.

Finally, the Court's summary judgment order did not make a definitive ruling on the issue of attorneys' fees and stated that whether Plaintiff is entitled to same could not be decided at the summary judgment stage as a matter of law. Defendant may renew its arguments as to Plaintiff's entitlement to attorneys' fees at a later stage when the issue is ripe.

The Court also notes that it is not persuaded by its sister court's reasoning in *Bullerdick v. Balboa*, Case No. 8:10-02739, Doc. 39 (M.D. Fla. March 5, 2012). Respectfully, the court's holding in *Bullerdick* does not consider long-standing Florida law that holds, in the context of an <u>insurance</u> case, that a property owner has an insurable interest in the safety or preservation of his property, even if he possessed no policy in his name. *See Aldridge v. Peak Prop. and Cas. Ins. Corp.*, 873 So. 2d 499 (Fla. 2d DCA 2004); *see also Baltazar v. Balboa Ins. Co.*, 2011 WL 2217332, at *2 (M.D. Fla. June 7, 2011).

It is therefore ORDERED AND ADJUDGED that Defendant's Motion for Reconsideration (Dkt. 58) is DENIED, including Defendant's request for an interlocutory appeal.

**DONE** and **ORDERED** in Tampa, Florida on March 16, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-2844.mtreconsider58.frm