**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HELEN FAWKES,**

      **Plaintiff,**

vs.                                             Case No. 8:10-cv-02844-T-17-TGW

**BALBOA INSURANCE COMPANY**
**and BANK OF AMERICA, N.A.,**

      **Defendants.**
_____/

## ORDER

This cause is before the Courn on Defendant, Balboa Insurance Company's, Motion for Partial Summary Judgment (Dkt. 139) and response thereto. Balboa Insurance Company ("Balboa") contends that, as a matter of law, (1) any policy benefits that may be payable in this case are payable to Bank of America, N.A. ("BOA") rather than Plaintiff,[1] and (2) the Plaintiff cannot maintain her claim for attorney's fees pursuant to section 627.428(1), Florida Statutes. Because the Court previously concluded, as a matter of law, that Plaintiff has standing to pursue her claim against Balboa as a third-party beneficiary (Dkt. 56), the need to address the issues raised in Balboa's motion for summary judgment is contingent on a jury verdict in favor of Plaintiff. Based on the current record, and in the interest of judicial economy, the Court declines to address the merits of

---

[1] Balboa's motion for summary judgment is arguably moot to the extent it requests a determination that any policy benefits that may be payable are payable to BOA. Plaintiff states in her response to Balboa's motion for summary judgment that she "is simply seeking to properly repair the property [and that she] has an unequivocal right to enforce Balboa's obligation to Bank of America, and in doing so, either fully repair the property or proportionately reduce [Plaintiff's] debt to Bank of America." Thus, absent a residual amount, Plaintiff apparently concedes that any monetary judgment would be payable to BOA. *See* Opposition to Motion for Summary Judgment (Dkt. 178), p. 8 ("[Plaintiff's] right to proceed as a third-party beneficiary and omnibus insured is not contingent upon the existence of damages beyond what would be paid to Bank of America.").

Balboa's contentions on summary judgment. *See Mitchell v. Balboa Ins. Co.*, Case No. 8:11-cv-02580-EAK-TGW (M.D. Fla.), (Dkt. 71) (denying Balboa's motion for summary judgment based on a nearly identical record); *see also Sparks v. Phillips & Cohen Associates, Ltd.,* 641 F.Supp.2d 1234, 1251 n.25 (S.D. Ala. 2008) (declining to resolve entitlement to attorney's fees on summary judgment).[2] Accordingly, it is

**ORDERED** that Defendant Balboa Insurance Company's Motion for Partial Summary Judgment (Dkt. 139) is **DENIED** without prejudice to Balboa's ability to raise these issues should Plaintiff prevail at trial.

**DONE AND ORDERED** in Chambers in Tampa, Florida this 25th day of June, 2013.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

---

[2] This result is also consistent with the Order denying Balboa's first motion for summary judgment with respect to Plaintiff's entitlement to attorney's fees:

> [A]t this stage, and on this limited record, the Court cannot conclude, as a matter of law, that Plaintiff could not be considered an "insured" under section 627.428(1) as a loss-payable mortgagor/borrower under a force-placed lender policy, for which the premiums are ultimately borne by Plaintiff, where the mortgagee/lender declines to pursue a claim under the policy and the mortgagor/borrower is forced to file an action against the insurer.

(Dkt. 56, pp. 10-11). *But see Conyers v. Balboa Ins. Co.*, No. 8:12-cv-30-T-33EAJ, 2013 WL 1233891 (M.D. Fla. Mar. 26, 2013) (granting summary judgment in favor of Balboa on issue of Plaintiff's entitlement to attorney's fees); *Kelly v. Balboa Ins. Co.*, 897 F.Supp.2d 1262 (M.D. Fla. 2012) (same).